IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DUNCAN F. LEACH  #1242458** | § |
| | § |
| V. | §   A-09-CA-421-JN |
| | § |
| **RISSIE OWENS, Administrator, Board of** | § |
| **Pardons and Parole; RICK THALER;** | § |
| **LYNN RUZICA, In her Official and** | § |
| **Individual Capacity; PAMELA FREEMAN,** | § |
| **In her Individual and Official Capacity;** | § |
| **LINDA GARCIA, In her Official and** | § |
| **Individual Capacity; and CHARLES** | § |
| **SPEIER, In his Official and Individual** | § |
| **Capacity** | § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE JAMES R. NOWLIN
     UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's amended complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 29); Defendants' Motion for Summary Judgment (Document No. 71 as amended by Document No. 73); Defendants' Supplemental Brief (Document No. 75); and Plaintiff's response thereto (Document No. 82).  Plaintiff, proceeding pro se, has paid the full filing fee for his case.

**I. BACKGROUND**

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Jester III Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.  Plaintiff files this

action pursuant to 42 U.S.C. § 1983. Plaintiff contends that although he has no constitutional right to be released on parole, he does have a due process right to participate in programs that improve his chances of being released on parole. Plaintiff is a convicted sex offender, sentenced to 10 years in prison commencing on May 10, 2004. He became eligible for parole in December 2004, but rather than being granted an early release, he was set-off for four years and then again for an additional three years. According to Plaintiff, the Parole Board likely reached its decisions based in large part on his lack of exposure to "crime-specific" rehabilitative programs. He has already completed one rehabilitative program called the "cognitive intervention program," but Plaintiff believes that he must also participate in these crime specific programs if he ever hopes to be paroled. He asserts these programs are not available to him until 18 months prior to his scheduled release date, or earlier if he submits to castration. Plaintiff further claims that even if he could meet the eligibility requirements, he would still be unable to attend because the program facilities cannot accommodate offenders in wheelchairs. Plaintiff argues TDCJ policy prevents him from attending these programs until he is already on the eve of mandatory release; and since these programs are allegedly his only way to earn parole suitability, the delay constitutes a de facto state policy of denying parole to sex offenders until they have served nearly their entire sentence. Plaintiff argues this is cruel and unusual punishment and is a violation of his due-process rights, the American with Disabilities Act, and the Rehabilitation Act of 1973. To remedy the alleged violations, Plaintiff seeks (1) declaratory relief, (2) an injunction requiring TDCJ to "expand the Sex Offender treatment program," and (3) an injunction requiring the Board of Pardons and Paroles to adopt a "broader scheme." Plaintiff does not request any monetary damages. Plaintiff sues Rissie Owens, Pamela Freeman, Barbara Lorraine,

Lynn Ruzica, Linda Garcia, Charles Speier, and Rick Thaler. Defendants move for summary judgment.

## II. ANALYSIS

A.  Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.[1]

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that

---

[1] Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

B.     Parole

The United States Constitution does not create a liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Regardless of when and how often inmates seek parole review, they are never kept in prison beyond their maximum sentence date.

Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana, 65 F.3d at 31. In addition, while the core of substantive due process is protection from arbitrary government action, "only the most egregious official conduct" is arbitrary in the constitutional sense. County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). Plaintiff's complaint does not meet that standard.

  C. Rehabilitative Programs

In addition, inmates have no constitutional right to participate in rehabilitative or educational programs while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274 (1976) (prison classification and eligibility for rehabilitation programs are not directly subject to "due

5

process" protections); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir.1995) (same).

      D.      Equal Protection

Plaintiff also has not alleged a valid equal protection violation. Plaintiff has not shown that sex offenders are a suspect class or that they have been denied a fundamental right. In addition, subjecting such offenders to different parole procedures is reasonably related to a legitimate penological interest. See Breshears v. Garrett, No. 05-50064, 143 F. App'x 570 (5th Cir. 2005) (unpublished) (citing Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998); Finley v. Staton, 542 F.2d 250 (5th Cir. 1976)). In addition, Plaintiff's conclusory assertions are insufficient to state an equal protection claim. See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir.1986).

      E.      Cruel and Unusual Punishment

Plaintiff contends set-offs of four and three years on a ten-year sentence amounts to cruel and unusual punishment. The Eighth Amendment's Cruel and Unusual Punishment Clause protects those persons incarcerated "after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Ingraham v. Wright, 430 U.S. 651, 671 n. 40, 97 S. Ct. 1401 (1977). "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078 (1986). After incarceration, only the infliction of unnecessary and wanton pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Ingraham, 430 U.S. at 670. "To establish an Eighth Amendment claim, the prisoner must demonstrate, inter alia, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities,

as when denied some basic human need." Berry v. Brady, 192 F.3d 504, 507 (5th Cir.1999) (citing Harper v. Showers, 174 F.3d 716, 720 (5th Cir.1999)).

Denying parole and requiring an inmate to serve his entire sentence is punishment, but it does not constitute cruel and unusual punishment. Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir. 1985) (holding that the disappointment experienced from the denial of early release "does not offend the standards of decency in modern society" and thus does not amount to an Eighth Amendment violation). The denial of parole is a disappointment rather than a punishment of cruel and unusual portions. See also Craft v. Texas Bd. of Pardons and Paroles, 550 F.2d 1054 (5th Cir. 1977). Accordingly, the cruel and unusual punishment prohibition of the Eighth Amendment is not implicated by the denial of Plaintiff's parole or the set-offs he received.

F.  Americans with Disabilities Act and Rehabilitation Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000). A "public entity" is broadly defined as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Corporation, and any commuter authority." Id. § 12131(1). The language of Title II generally tracks the language of Section 504 of the Rehabilitation Act of 1973; in fact, the statute specifically provides that "the remedies, procedures and rights" available under Section 504 shall be the same as those available under Title II. Id. § 12133; Hainze, 207 F.3d at 799. Under both the ADA and the Rehabilitation Act, a plaintiff must demonstrate that: (1) he is a qualified individual with a

disability; (2) he was excluded from participation in, or denied benefits of, services, programs, or activities by a public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. Lightbourn v. County of El Paso, 118 F.3d 421, 428 (5th Cir. 1997).

The Fifth Circuit recently determined that Title II of the ADA, 42 U.S.C. § 12131-12165, does not validly abrogate state sovereign immunity with respect to the claims of disabled inmates who were denied access to prison educational and work programs. Although Plaintiff requests access to rehabilitative programs instead of educational and work programs, the Fifth Circuit's holding should still apply.

In addition, Defendants have provided the Court with summary judgment evidence that the two Sex Offender Rehabilitation Programs ("SORP") offered by TDCJ are accessible to handicapped offenders, including inmates confined to wheelchairs. Defendants' Motion for Summary Judgment at Exhibit A. To be eligible for the SORP an inmate must (1) be custody level G2 or G3, (2) not have an immigration detainer, and (3) be approved for transfer by State Classification and Health Service Department. Id. SORP are available to offenders who are within 18 months of release from confinement with priority given to those who have been granted parole conditioned on the completion of a specific SORP. Plaintiff's Offender Information Detail indicates Plaintiff's maximum sentence date is October 27, 2013.[2] As Plaintiff is not within 18 months of his release, he is not currently eligible for SORP. Accordingly, Defendants are entitled to summary judgment.

### III. RECOMMENDATION

The undersigned recommends that the Motion for Summary Judgment be **GRANTED.**

---

[2]See Texas Department of Criminal Justice Offender Information Detail at http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=06496195.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. en banc, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of December, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE